UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH A. PASOWICZ,

    Plaintiff,

v.                                                          CASE No. 8:04-CV-627-T-23TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

_____

REPORT AND RECOMMENDATION

    The plaintiff in this case seeks judicial review of an administrative determination that he is not financially eligible for supplemental security income benefits and that he was overpaid such benefits in the amount of $5,295.34.[1] The plaintiff's complaint should be dismissed for lack of prosecution due to his failure to submit a memorandum in support of his claim. In any event, because the decision of the Commissioner of Social Security is supported by substantial evidence, I recommend alternatively that it be affirmed.

I.

    The plaintiff filed a claim, effective October 27, 2000, for supplemental security income under the Social Security program, alleging that

---

[1] This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998. See also Local Rule 6.01(c)(21).

he became disabled in June 1998. He was awarded benefits in March 2001, retroactive to November 2000. Based upon information received from the Internal Revenue Service concerning stock trades in 2000, the Social Security Administration subsequently notified the plaintiff that he had excess resources and was not eligible for supplemental security income. Consequently, the plaintiff's benefits were stopped, and he was told that he had been overpaid in the amount of $5,295.34. The plaintiff challenged the determination, but it was affirmed upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge rejected, as not credible, the plaintiff's contention that he did not have resources in excess of $2000 in October 2000. The law judge therefore concluded that the plaintiff was not eligible for supplemental security income.[2] The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

Thereafter, the plaintiff, proceeding pro se, timely filed this action challenging the Commissioner's decision. After the defendant answered and filed the administrative transcript, a scheduling Order was entered. That Order established a time frame for the parties to file memoranda in support of their positions. The plaintiff failed to file a memorandum, even

---

[2]While the law judge ruled that the plaintiff had been overpaid in the amount of $5,295.34, he declined to decide whether repayment of that amount should be waived, noting that the Administration had not resolved that issue (Tr. 23). Accordingly, the issue of waiver of repayment is not presented here.

an untimely one. The defendant, nevertheless, has filed a memorandum in support of the administrative decision.

## II.

A factual determination by the Commissioner must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

## III.

A. Despite being directed to do so (Doc. 13), the plaintiff has failed to file a memorandum in support of his challenge to the law judge's decision. That failure, in my view, warrants dismissal for lack of prosecution pursuant to Local Rule 3.10(a). Consequently, unless the plaintiff, in response to this Report and Recommendation, shows good cause why the case should not be dismissed, I recommend that it be dismissed on that ground.

B. Notwithstanding this recommendation, I have examined the entire administrative transcript. That examination reveals that the law judge's decision is supported by substantial evidence. Thus, if the case is not dismissed for lack of prosecution, the decision should be affirmed.

The plaintiff's application for supplemental security income must satisfy both disability and financial eligibility requirements. See 42 U.S.C. 1382(a). In considering financial eligibility of an individual, the regulations for the relevant time period provide that resources of more than $2000 preclude the receipt of supplemental security income. 20 C.F.R. 416.1205(c).

The law judge found that the plaintiff "has had resources in excess of the regulatory limit of $2000 at all pertinent times to this decision" (Tr. 23). Indeed, he found that the plaintiff "had approximately $299,000 in resources documented by the record as of October 1, 2000[,] without any proof of full depletion since then" (id.).

The record indicates that the plaintiff, as a result of inheritances from his father and uncle, had a great deal of stock. During the first ten months of 2000, he sold his various stocks and received $299,281.27 from those sales and other assets (see Tr. 19, 154-55). The plaintiff represented that, by October 27, 2000, when he effectively filed his application for supplemental security income, those funds were all gone. The law judge did not believe him.

The law judge said that the plaintiff "asserts that he disposed of nearly a quarter of a million dollars in less than 10 months, without retaining a trace of evidence on how the money was spent or even being able to allege a credible explanation for the outlay" (Tr. 21). The law judge added that the plaintiff "has claimed that it went for gambling, trailer repairs and a failed $50,000 business investment but has not presented a single receipt, statement or any other document that could reasonably support his assertion" (Tr. 22).

The law judge also pointed to other factors in support of his credibility determination. Thus, the law judge noted that, as of October 2000, the plaintiff had more than $43,000 in a pension fund, and that he failed to disclose that asset, as well as an annual income in excess of $6000 from that asset (id.). While the law judge expressed uncertainty whether that asset, which could not be withdrawn, should be counted as a resource, and concluded that he did not need to resolve that issue (Tr. 21), the law judge reasonably considered the plaintiff's failure to disclose that asset in evaluating whether the plaintiff was credible in stating that he had exhausted his resources.

In addition, the law judge noted that the plaintiff on several occasions listed only a bank account at Wells Fargo Bank with a balance of $1.00 (see Tr. 133, 141, 145), when in fact the plaintiff also had an account at AmSouth Bank (Tr. 22). This misrepresentation also supports the law judge's credibility determination.

In sum, the law judge concluded that the plaintiff was not financially eligible for supplemental security income because he did not believe that the plaintiff had disposed of all of the resources he had obtained in 2000. The law judge articulated a reasonable basis for that credibility determination. Moreover, the determination is supported by substantial evidence.

IV.

There is no basis, therefore, for overturning the Commissioner's decision. In the first place, the plaintiff's failure to submit a memorandum in support of his claim, as directed, warrants dismissal for lack of prosecution. In all events, the decision is supported by substantial evidence and thus should be affirmed.

Respectfully submitted,

DATED: DEC. 2, 2005

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).